NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-889

COMMONWEALTH

vs.

SHAYNE PARKER.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury trial in the Boston Municipal Court, the defendant was convicted of assault and battery as a lesser included offense of assault and battery by means of a dangerous weapon (knife). On appeal, the defendant contends that the prosecutor's improper vouching in closing argument and the judge's failure to give a sua sponte curative instruction constitute reversible error. We affirm the defendant's conviction.

Background. At about 2:00 P.M. on April 16, 2023, a patrol supervisor with the Massachusetts Bay Transportation Authority Transit Police Department received a radio transmission regarding an altercation within Nubian Station. He arrived at

the scene, a train platform, to find the victim with wounds to his face, as well as blood on him.  After arranging for emergency medical treatment of the victim and taking photographs, the officer reviewed surveillance video footage from the station.  He found footage that depicted the attack on the victim.  Based on what he saw on the surveillance video footage, the officer broadcast a description of the assailant, and the defendant was apprehended within an hour.  When the defendant was pat frisked prior to transport for booking, police recovered a knife.

At trial, the Commonwealth's case consisted of the testimony of the patrol supervisor and exhibits, including the surveillance video footage, photographs of the scene and of the victim's injuries, and the victim's medical records.  In closing argument, defense counsel argued generally that the police did not do a proper investigation and arrested the defendant only because he happened to be in the vicinity an hour after the incident wearing clothes that generally resembled those worn by the assailant on the video footage.  Defense counsel asked the jury to consider:

> "If someone were involved in a stabbing, why would they be
> staying hanging out in the area?  If they were involved in
> a stabbing, why would they keep on the clothes that they
> were apparently wearing?  If they were involved in a
> stabbing, why would they hold onto the knife that they're
> alleged to have used?"

2

The prosecutor, in his closing argument, responded:

"And the defense attorney said, isn't it weird that he would just still be in those same clothes with a pocket knife in his pocket in that same area an hour later?

"Yeah, it is kind of weird, but it kind of seems like that's what happened.

"Does that [referring to video footage] strike you as a sense of urgency in making good an escape, or does that strike you as a man who is moseying away, unconcerned about what you just got into?

"Now why would that be the case?  I don't know.

"Why did this whole thing happen to begin with?  No idea. Sometimes we don't get to know.  That's actually one of the most frustrating parts of this job.  Sometimes I don't get to know why things happened.  I just get to know what happened."

At this point, the judge called the attorneys to sidebar and told the prosecutor, "So this is inappropriate.  The use of the first person pronoun is always risky in a closing argument. But for you to say, you just get to know what happens, crosses the line into vouching, and you may not do that."  Defense counsel added, "I would have the same concern."  The prosecutor agreed to "move off the topic," and thereafter directed the jury's attention to the evidence and concluded his closing.

Discussion.  On appeal, the defendant argues that the prosecutor's closing argument improperly vouched for the credibility of the Commonwealth's case and that the judge's failure to sua sponte give a curative instruction requires reversal.  To the extent the defendant seasonably objected to

3

the closing argument, we review to determine whether the prosecutor's comment caused prejudicial error. See Commonwealth v. Omonira, 59 Mass. App. Ct. 200, 205 (2003).

It is well established that counsel may not express a personal belief in the credibility of a witness or suggest that he has knowledge independent of the evidence before the jury. See Commonwealth v. Ciampa, 406 Mass. 257, 265 (1989). Here, the judge wisely intervened to prevent the prosecutor from wading into that territory. Although the prosecutor's statement that, in his job, he "just get[s] to know what happened," could be viewed as an expression of personal knowledge, in context, it was part of a response to defense counsel's rhetorical questions. The prosecutor essentially stated that he could not answer defense counsel's questions as to why things happened the way they did; he could only answer what happened -- through the evidence, presumably. The prosecutor's comment did not go so far as to constitute vouching. Contrast Omonira, 59 Mass. App. Ct. at 205 (prosecutor's statement regarding police officer, "He's completely honest," was improper vouching).

Nor did the prosecutor's closing call for a sua sponte curative instruction, as the defendant claims. The fact that defense counsel declined to request one when invited to comment by the judge suggests that the prosecutor's remarks were not so impactful as the defendant suggests. See Commonwealth v.

4

Montez, 450 Mass. 736, 748 (2008) (absence of request for curative instruction suggested lack of prejudice).  Further, the judge instructed that closing arguments were not evidence and that the jurors were "the sole judges of the credibility of the witness."  See Commonwealth v. Bourgeois, 391 Mass. 869, 878-879 (1984) (instruction that credibility solely for jury cured prosecutor's vouching).  Finally, the guilty verdict on a lesser included offense supports the view that the jury were not so influenced by the prosecutor's closing.  See Commonwealth v. Bois, 476 Mass. 15, 35 (2016) (acquittal on more serious charges showed jury not so swayed by improper remarks in closing).

Judgment affirmed.

By the Court (Massing,
  Singh & Grant, JJ.[1]),

Clerk

Entered:  July 22, 2026.

---

[1] The panelists are listed in order of seniority.